UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK MCGAUGHEY,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>    Defendant. | NO. 2:15-cv-03178-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 15, and Defendant's Motion for Summary Judgment, ECF No. 17. The motions were heard without oral argument. Plaintiff is represented by D. James Tree. Defendant is represented by Special Assistant United States Attorney Alexis Toma.

**I.  Jurisdiction**

On May 1, 2012, Plaintiff filed an application for supplemental security income payments (SSI). Plaintiff alleged disability beginning on December 1, 2009, due to bipolar disorder, social anxiety, depression and a personality disorder. He indicated that he cannot hold a job due to his inability to concentrate and to control his manic episodes. He reported having extreme panic attacks and if confronted, reacting in an aggressive manner.

His application was denied initially on December 27, 2012, and again denied on reconsideration on February 26, 2013. A written request for a hearing

was made on March 29, 2013.

On April 17, 2014, Plaintiff appeared and testified at a hearing held via video before Administrative Law Judge (ALJ) Paul G. Robeck. Gary R. Jesky, vocational expert, also appeared and testified. Plaintiff was represented by attorney D. James Tree.

The ALJ issued a decision on May 13, 2014, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied his request for review on August 10, 2015. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h).

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on October 13, 2015. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

**II.    Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

compensation above the statutory minimum. 20 C.F.R. § 404.1574; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1571. If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1508-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. § 404.1520(f). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. § 404.1520(g).

The initial burden of proof rests upon the claimant to establish a prima facie

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). "[I]f the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019. An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

## IV. Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

At the time of the hearing, Plaintiff was 50 years old and divorced. He has five children. He dropped out of high school, but obtained his GED.

Plaintiff has significant history with substance abuse, although he has been clean from methamphetamine and cocaine for over 10 years. He had one relapse with marijuana, but is currently clean. In 2003, he was convicted of burglary and was sentenced to fifteen months incarceration. He attempted suicide in 2005.

Plaintiff has prior work as disassembly technician, laborer, sales associate and care giver. His jobs usually lasted only a few months. He testified he cannot hold a job because of his inability to concentrate and control his manic episodes that occur under stressful conditions. He also has extreme panic attack, and suffers from anxiety, restlessness, and reoccurring dreams. For the past two years, Plaintiff has engaged in weekly individual psychotherapy as well as group therapy, substance abuse treatment therapy, as well as group therapy for his anxiety. While he reports that he is doing better, he acknowledges that he currently lives a very guarded life.

## V. The ALJ's findings

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 1, 2012. (Tr. 23). Plaintiff has not reported earnings after 2009.

At step two, the ALJ found Plaintiff has the following impairments: bipolar disorder, depressive disorder, and polysubstance abuse (alcohol, marijuana, cocaine, methamphetamine, and opiates—all reported in remission). (Tr. 23).

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal the severity of the impairments listed. Specifically, the ALJ looked at Listings 12.04 (Affective Disorders) and 12.09 (Substance Addiction Disorders). (Tr. 24).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

The ALJ concluded that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with certain nonexertional limitations: perform simple, repetitive tasks consistent with unskilled work, limited to incidental public contact, and only occasional interaction with co-workers. (Tr. 25).

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (Tr. 29). Plaintiff has past relevant work as a computer monitor disassembler and a caregiver.

In the alternative, the ALJ found there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 30). The ALJ relied on the testimony of a vocational expert, and concluded that Plaintiff was capable of performing work as a janitor or laundry worker, and as such, was not disabled as defined by the Social Security Act. (Tr. 30).

**VI.    Issues for Review**

    1.    Whether the ALJ properly evaluated the medical opinion evidence?

    2.    Whether the ALJ properly evaluated Plaintiff's credibility?

**VII.   Discussion**

    **1.    Medical Opinions**

The ALJ gave significant weight to the medical opinions of the State agency consultant Dr. Bailey, but gave little weight to the medical opinions of treating physicians Dr. Kari Heistand, Dr. Gregory Zuck, and A.R.N.P. Jessica Webb.

The ALJ is tasked with resolving conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Generally speaking, three types of doctors provide medical evidence: treating doctors, examining doctors, and reviewing (non-examining) doctors. "By rule the Social Security Administration favors the opinion of a treating physician over non-treating physicians." 20 C.F.R.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

§ 416.927[1]; *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be given controlling weight." *Orn*, 495 F.3d at 631. If a treating physician's opinion is not given "controlling weight" because it does not meet these requirements, the ALJ should consider (i) the length of the treatment relationship and the frequency of examination by the treating physician; and (ii) the nature and extent of the treatment relationship between the patient and the treating physician in determining the weight it will be given. *Id.* The ALJ is not required, however, to merely accept the opinion of a treating doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where contradicted, the ALJ may reject the opinion for specific and legitimate reasons that are supported by substantial evidence in the record. *Id.* This requires the ALJ to "[set] out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and [make] findings." *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). On the other hand, where the treating doctor's opinion is not contradicted, the ALJ can only reject it for clear and convincing reasons. *Id.*

The opinions of examining physicians are afforded more weight than those of non-examining physicians. *Id.* Factors the ALJ should consider in evaluating any medical opinion (not limited to the opinion of the treating physician) include:

---

[1] 20 C.F.R. § 416.927(c)(2) states: Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

(1) the amount of relevant evidence that supports the opinion and the quality of the explanation provided; (2) the consistency of the medical opinion with the record as a whole; (3) the specialty of the physician providing the opinion; and (4) other factors, such as the degree of understanding a physician has of the Administration's disability programs and their evidentiary requirements and the degree of his or her familiarity with other information in the case record. *Orn*, 495 F.3d at 631. When evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Dr. Gregory Zuck indicated that Plaintiff suffers from chronic abdominal pain in which the diagnosis is unclear. Dr. Zuck prescribed hydrocodone to deal with the pain. He opined that it was more probable than not that Plaintiff would miss some work due to his medical impairments on average of 3 days a week. (TR. 471-72). Dr. Zuck indicated that Plaintiff's chronic abdominal pain existed since at least May 14, 2012. The AJL erred in rejecting Dr. Zuck's opinion, especially given that Dr. Zuck had treated Plaintiff for a significant time. The record indicates that Plaintiff suffered from hypothyroidism, chronic fatigue, and chronic pain. The longitudinal record supports Dr. Zuck's conclusions.

The ALJ concluded that the evidence showed steady improvement in Plaintiff's mental health over time. This is not supported by substantial evidence. For instance, in January, 2013, Dr. Rodenberger reported that Plaintiff was "obsessively degressive." His mood was "anxious, depressed, and irritable." (Tr. 320). The ALJ relied on this report to conclude that Plaintiff had less depression, however, this conclusion does not accurately reflect Dr. Rodenberger's observations.

The ALJ's conclusion that Mr. Webb's opinion is not supported by the group counseling records and mediation management appointments is clearly

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

erroneous. At the time of the hearing, Plaintiff was participating in extensive therapy, both individual and group. The ALJ cherry-picked the more positive notes made by the counselors, but ignored the ones that suggested that Plaintiff continued to struggle with his bi-polar disorder and anxiety.

The ALJ's rejection of Ms. Webb's testimony because she is not an acceptable medical source was clearly erroneous. Here, the treatment records reflect that Plaintiff was meeting with counselors at least weekly over a two year time period. At times he was meeting with them two or three times a week. She is in the best position to offer the most informed opinion regarding Plaintiff's condition, treatment and understanding of his ability in the work place. And she concluded that he would be unable to sustain full-time work. The treatment records bear out this conclusion.

While "acceptable medical sources" are used to establish the existence of a medically determinable impairment, other sources can be consulted to show the severity of the individual's impairments and how it affects the individual's ability to function. SSR 06-03p.  This ruling recognizes that in some cases a medical source who is not an "acceptable medical source" may outweigh the opinion of an "acceptable medical source." Here, the ALJ did not properly consider the factors set forth in the ruling and erroneously rejected Ms. Webb's opinion.

2.   **Plaintiff's Credibility**

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). In recognition of the fact that an individual's

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

The ALJ concluded that Plaintiff admitted to misusing medications in 2011 or 2012. However, this is not reflected in the record. Rather, he was prescribed pain medication in 2012 for kidney stones, and his counseling records indicate he was trying to get off the pain medication, not abuse it. The ALJ believes that the record indicated that Plaintiff was taking pain pills in 2011 in order to feel better, but this is a gross mischaracterization of the record. Rather, the record indicates that Plaintiff was diligent about taking his pain pills and controlling the amount of pills to ensure that he would not become addicted to them. The ALJ's questioning at the hearing was confusing and did not accurately reflect to record.

At the hearing, Plaintiff testified that he struggles with depression, isolation, anxiety, anger and mood swings. Contrary to the ALJ's conclusions, the treatment records support these allegations. Moreover, a close review of the treatment records demonstrate that Plaintiff suffered from bouts of mania, at times

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

being the class clown and at other times bringing the group down—which is consistent with his bipolar diagnosis.

The ALJ concluded that Plaintiff's limited work history and failure to report earnings raised questions about the credibility of his allegations. This conclusion is not supported by the record. Plaintiff reported that he worked intermitted for his brother's construction company. He was also living with his brother at the time. There is no indication that this was full-time work. And his limited work history supports, rather than discredits, his allegations that he would have difficulty working forty hours a week.

The ALJ placed significance on the fact that Plaintiff was able to travel to Fresno to purchase a truck. However, the ALJ failed to account for the fact that Plaintiff traveled to Fresno to purchase the truck from his brother, which suggests a much more controlled event with family supervision.

The ALJ stated that Plaintiff has made inconsistent statements about drug use, but a review of the record shows that he quit using methamphetamine and cocaine in 2003 or 2004, but continued to use marijuana. He stopped using marijuana in 2012. The counseling records reflect Plaintiff's commitment and success in quitting all drug use. His testimony at the hearing suggest that the questions were confusing and not clear, not that Plaintiff was trying to be untruthful about his drug use.

Finally, the ALJ's conclusion that Plaintiff's statements that he is only paying the minimal allowable monthly amount of child support and the fact that he owes back child support weakens his credibility is speculation at best. It appears that the ALJ believes that Plaintiff is not credible because he paid off several court fines instead of paying full child support. The more reasonable and less speculative explanation is that Plaintiff simply does not have the income to pay full child support. Under the ALJ's reasoning, if he had paid full child support and not the court fines, this would also be a reason to question Plaintiff's credibility.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

### 3. The ALJ's RFC Assessment

The ALJ failed to address Plaintiff's social anxiety. In reviewing his counseling sessions, it is clear that Plaintiff not only suffers from bipolar, he also suffers from significant anxiety and violent thoughts.

The ALJ failed to account for the full extent of Plaintiff's functional limitations in his RFC assessment, and therefore, the hypothetical relied upon by the vocational expert was incomplete, and the vocational testimony has no evidentiary value to support the ALJ's disability determination. Moreover, if Dr. Zuck's opinion and Ms. Well's opinion were properly credited, a finding of disability would be mandated. The vocational expert testified that if a person misses two or more days a month on a routine basis they will have problems sustaining competitive employment. Additionally, the record indicates that Plaintiff would have moderate limitations in the ability to interact appropriately with the general public, accept instructions and respond appropriately to criticisms from supervisors, and focus on the task at hand without being distracted by others. The vocational expert concluded that such a person would not be able to sustain employment.

## VIII. Conclusion

Here, the ALJ erroneously rejected medical opinion evidence and Plaintiff's symptom testimony; if this evidence had been properly credited, Plaintiff would have been found disabled. Consequently, the proper remedy is to remand for a calculation and award of appropriate benefits. *Garrison v. Colvin*, 759 F.3d 995, 1019-20 (9th Cir. 2014). A review of the record as a whole creates no serious doubt that Plaintiff is disabled within the meaning of the Social Security Act.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

3. The decision of the Commissioner denying benefits is reversed and

remanded for an award of benefits.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 20th day of October, 2016.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13**